IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DONNA IMBEMBA,

      Plaintiff,

v.

WOODBRIDGE VF, LLC, and
WAL-MART STORES, INC.;

      Defendants.

Civil Action No. 2:17-cv-01454

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, STATEMENT PURSUANT TO
F.R.C.P. 38(b)

     Defendants, Walmart, Inc.; Walmart Stores, Inc.; Wal-Mart Stores, Inc.; Wal-Mart Stores East, Inc.; Wal-Mart Stores East I, LP; Walmart Associates, Inc.; Walmart Store Number 5281, by and through their attorneys, Cottrell Solensky, P.A., by way of Answer to the Complaint state:

## PARTIES, JURISDICTION AND VENUE

    1.   Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Parties, Jurisdiction and Venue Section of Plaintiff's Complaint.

    2.   Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Parties, Jurisdiction and Venue Section of Plaintiff's Complaint.

3.   Answering   Defendants   admit   the   allegations   that Defendant Wal-Mart Stores, Inc., is a Delaware Corporation with a principal  place  of  business  in  the  County  of  Benton,  State  of Arkansas, but deny the remaining allegations in Paragraph 3 of the Parties, Jurisdiction and Venue Section of Plaintiff's Complaint.

4.   Answering   Defendants   deny   knowledge   or   information sufficient  to  form  a  belief  as  to  the  allegations  contained  in Paragraph  4  of  the  Parties,  Jurisdiction  and  Venue  Section  of Plaintiff's Complaint.

5.    Answering   Defendants   deny   knowledge   or   information sufficient  to  form  a  belief  as  to  the  allegations  contained  in Paragraph  5  of  the  Parties,  Jurisdiction  and  Venue  Section  of Plaintiff's Complaint.

## AS TO THE FIRST COUNT

1.   Answering   Defendants   repeat,   restate,   and   fully incorporate their responses to the allegations as set forth in the Parties, Jurisdiction and Venue Section of Plaintiff's Complaint as if set forth at length herein.

2.   Answering   Defendants   deny   knowledge   or   information sufficient  to  form  a  belief  as  to  the  allegations  contained  in Paragraph 2 of the First Count of Plaintiff's Complaint.

3.   Answering   Defendants   deny   knowledge   or   information sufficient  to  form  a  belief  as  to  the  allegations  contained  in Paragraph 3 of the First Count of Plaintiff's Complaint.

4. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the First Count of Plaintiff's Complaint.

5. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the First Count of Plaintiff's Complaint.

6. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the First Count of Plaintiff's Complaint.

**WHEREFORE,** Answering Defendants, Walmart, Inc.; Walmart Stores, Inc.; Wal-Mart Stores, Inc.; Wal-Mart Stores East, Inc.; Wal-Mart Stores East, LP; Walmart Associates, Inc.; and Walmart Store Number 5281 demand judgment dismissing the First Count of the Complaint.

## AS TO THE SECOND COUNT

1. Answering Defendants repeat, restate, and fully incorporate their responses to the allegations as set forth in the First Count of Plaintiff's Complaint as if set forth at length herein.

2. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Second Count of Plaintiff's Complaint.

3.  Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Second Count of Plaintiff's Complaint.

4.  Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Second Count of Plaintiff's Complaint.

5.  Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Second Count of Plaintiff's Complaint.

**WHEREFORE**, Answering Defendants, Walmart, Inc.; Walmart Stores, Inc.; Wal-Mart Stores, Inc.; Wal-Mart Stores East, Inc.; Wal-Mart Stores East, LP; Walmart Associates, Inc.; and Walmart Store Number 5281 demand judgment dismissing the Second Count of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over these answering Defendants by reason of the failure of proper service of process.

### SECOND AFFIRMATIVE DEFENSE

All risks, hazards and dangers alleged by plaintiff or otherwise involved in this action were known to the plaintiff, were open obvious, notorious and apparent, and the plaintiff undertook to assume the risks.

### THIRD AFFIRMATIVE DEFENSE

The within action is barred by virtue of the Doctrine of Comparative Negligence, in that the Plaintiff's negligence was greater than Defendants' alleged negligence, or Plaintiff's damages should be reduced by virtue of Plaintiff's comparative negligence pursuant to N.J.S.A. 2A:15-5.1, et seq.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries as a result of the allegations contained in the Complaint, said injuries were caused, in whole or in part, by the neglect or other fault on the part of others for whose conduct this Defendants are not responsible.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

The liability, if any, of these answering Defendants shall be limited in accordance with N.J.S.A. 2A:15-3.3.

### SEVENTH AFFIRMATIVE DEFENSE

Any injuries which may have been sustained as alleged in the complaint were brought about, or were made more serious, by the failure of the Plaintiff to mitigate her damages.

Whereas Plaintiff received or is entitled to receive benefits for the injuries allegedly incurred from sources other than a joint tortfeasor, the amount of these benefits (other than workers compensation benefits or proceeds from a life insurance policy) which duplicate any benefit contained in the award shall be deducted from any award recovered by the Plaintiff, less any premium paid, all in accordance with N.J.S.A. 2A:15-97.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate her damages; Defendants bear no liability for damages which would otherwise have been avoided or prevented.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of liability since defendants had neither actual nor constructive notice of the allegedly hazardous condition.

## CROSS-CLAIMS

Defendants, Walmart, Inc.; Walmart Stores, Inc.; Wal-Mart Stores, Inc.; Wal-Mart Stores East, Inc.; Wal-Mart Stores East, LP; Walmart Associates, Inc.; and Walmart Store Number 5281, by and through its attorneys, Cottrell Solensky, P.A., by way of Cross-claim against all codefendants state:

### CROSS-CLAIM FOR CONTRIBUTION

Answering defendants demand contribution under the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53a-1, *et seq.,* as provided by the provisions of the Comparative Negligence Act, N.J.S.A. 2A:15-5.3, from all defendants.

**WHEREFORE**, Answering Defendants, Walmart, Inc.; Walmart Stores, Inc.; Wal-Mart Stores, Inc.; Wal-Mart Stores East, Inc.; Wal-Mart Stores East, LP; Walmart Associates, Inc.; and Walmart Store Number 5281, demand judgment against the codefendants and indemnification from said codefendants for all sums as may be found due against them in favor of the plaintiff.

### CROSS-CLAIM FOR INDEMNIFICATION

While denying liability for the damages alleged, if judgment is recovered by the plaintiff against answering defendants, it is hereby asserted that its negligence, if any, was not morally culpable, but was merely technical, imputed, vicarious, and that

plaintiff's damages arose through the direct and primary negligence of the co-defendants.

Accordingly, said co-defendants are obligated by operation of law and contract and otherwise to indemnify these answering defendants, and hold it harmless for any or all claims which are the subject of this lawsuit.

**WHEREFORE**, Answering Defendants, Walmart, Inc.; Walmart Stores, Inc.; Wal-Mart Stores, Inc.; Wal-Mart Stores East, Inc.; Wal-Mart Stores East, LP; Walmart Associates, Inc.; and Walmart Store Number 5281, demand judgment against the codefendants and indemnification from said codefendants for all sums as may be found due against them in favor of the plaintiff.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 (b) Defendant hereby demands a jury by trial as to all issues.

COTTRELL SOLENSKY, P.A.
Attorneys for Defendants

By: _____
Brittany M. Murray, Esq.

DATED:   March 27, 2017